IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILL FARRIS,                          )
                                      )
        Plaintiff,                    )
                                      )        NO. 3:23-cv-00087
v.                                    )        JUDGE RICHARDSON
                                      )
DRYER VENT SQUAD FRANCHISING,         )
LLC et al.,                           )
                                      )
        Defendants.                   )


## <u>ORDER</u>

On February 6, 2023, chambers staff[1] received a phone call from a representative[2] of

Christopher M. Santomassimo's office ("Santomassimo"), counsel for

Defendants/Counterclaimants/Third-party Plaintiffs, regarding the status of the "Notice of

Voluntary Remand to the Chancery Court for Davidson County Tennessee" (Doc. No. 8,

"Notice").[3] Without providing the Court explanation as to her request, the representative urged the

Court to give consideration to the Notice on an expedited basis. When chambers staff informed

the representative that the Notice would be considered in due course given the Court's very busy

docket and that nothing in the Notice indicates that it requires emergency treatment, the

---

[1] The undersigned's understanding of what happened on the call comes from matter-of-fact reporting (as distinctly contrasted with complaining or whining) by chambers staff, which the undersigned is confident is quite accurate. The umbrage reflected herein is the undersigned, and not chambers staff's.

[2] The Court presumes that this "representative" was an employee.

[3] The Court notes that counsel for the third-party Defendants, and not Santomassimo's office, filed the Notice at Doc. No. 8. Nonetheless, given that counsel for Defendants evidently had a sufficient interest in the Notice to call chambers regarding the status of any court action on the Notice—and suggest that chambers was deficient in their failure to act on the Notice—Santomassimo's office has taken responsibility for the contents (and procedural propriety, or lack thereof) of the Notice.

representative expressed serious dissatisfaction with the Court's response. Chambers staff informed the representative that Santomassimo's office could file a motion with the Court explaining the purported justification for expedited treatment, to which the representative again seem dissatisfied.

As if the representative's disrespectful tone with chambers staff, who are representatives of the undersigned, was not egregious enough, it gets worse because it turns out that the responsibility for the complained-of inaction lies with Santomassimo's office, not with the Court. Third-party Defendants Thomas J. Scott and Dryer Vent Superheroes Franchising LLC removed this action to federal court on December 30, 2023. (Doc. No. 1). It is black-letter law, however, that a third-party defendant is not permitted to remove a state action to federal court. *See e.g.*, *Life Skills Village, PLLC v. Auto-Owners Ins. Co.*, 16 F. Supp. 3d 872 (E.D. Mich. 2014) ("[I]t is well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court."). As noted, on February 1, 2023, third-party Defendants filed a Notice requesting the Court to remand the case to state court. Perhaps understandably, though to the inconvenience to the Court, the Notice does not state the basis of the remand—namely, that the third-party Defendants made a mistake in removing the case from state court to federal court. And when chambers received the phone call from the representative of Santomassimo, the Court was again kept in the dark as to the apparent basis of the requested remand. Instead of explaining the mishap, the representative attempted to impress upon the Court that the remand was urgent and that the Court ought to prioritize the request above the large number of other litigants' requests who have been patiently waiting their respective turns. But errors on the part of third-party Defendants does not constitute an emergency on the part of the Court.

Perhaps most galling of all—considering that chambers staff was essentially upbraided for the lack of action on the Notice—is that the Notice is not even procedurally proper, *i.e.*, not the proper way to remand this action. Section 1447 of the U.S. Code governs the removal procedures for state actions removed to federal court. 28 U.S.C. § 1447. Section 1447(c) states that "a motion to remand the case on the basis of *any defect other than* lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a)." 28 U.S.C. § 1447(c). Therefore, third-party Defendants were required to file a *motion*, rather than a *notice*.

On the afternoon of February 6, 2023, Santomassimo's office filed a "Motion to Expedite Remand to State Court." (Doc. No. 11, "Motion"). The Motion, which is styled—improperly so, at least in this district—as a letter, explains that the third-party Defendants improperly removed the case to federal court. (*Id.*). Importantly, the Motion states that the parties have conferred and agree that the action should be remanded to state court. (*Id* at 2). Given the parties' agreement and the Court's finding that removal was procedurally defective, the Motion at Doc. No. 11 is GRANTED. The action shall be REMANDED to Chancery Court for Davidson County Tennessee.

The Court also welcomes Santomassimo's office at its option to file a *mea culpa* or other explanation for its behavior in its above-referenced interaction with chambers staff.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE